## Cameroni et al. v. Andrewsh et ux.

Laurence D. Savige, for plaintiffs.

EAGEN, J., December 28, 1945.—We have here a motion to quash a writ of certiorari issued to a justice of the peace.

The record discloses that the affidavit made by the applicant for the writ required by the Act of March 20, 1810, P. L. 161, was declared before the clerk of courts of Lackawanna County.

Section 21 of the Act of 1810 provides:

"That no judge of any court within this Commonwealth, shall allow any writ of certiorari to remove the proceeding had in any trial before a Justice of the Peace, until the party applying for such writ, shall declare on oath or affirmation before such judge, that it is not for the purpose of delay, . . . "

By the Act of February 3, 1817, 6 Sm. L. 398, sec. 1, 42 PS §952, the prothonotary of the court of common pleas is likewise authorized to administer this oath. The Act of May 22, 1895, P. L. 100, sec. 1, 42 PS §953, further authorizes the justice of the peace before whom the case in which said certiorari issues is pending to administer the oath.

There are no appellate court cases available on the subject. However, it has been ruled unanimously by the courts of common pleas throughout the Commonwealth that failure to take the affidavit required on the application for a certiorari to a justice of the peace before a judge of the court of common pleas, or the pro-

thonotary, or the justice to whom the writ is issued, is a fatal defect and grounds for quashing the writ. See Carson v. Adamson et al., 29 D. & C. 213; Commonwealth v. Kelly, 20 D. & C. 504, and Ristau v. Crew-Levick Co., 17 D. & C. 151.

Therefore, December 28, 1945, the rule to show cause is made absolute and the writ of certiorari is quashed.